■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTO ROJAS, Appellant.—Appeal by defendant (by permission) from an order of the Supreme Court, Queens County, dated November 29, 1973, which, after a hearing, denied his motion to vacate a judgment of conviction of the same court, rendered April 15, 1970, which convicted him of murder, attempted murder and possession of a weapon and dangerous instrument and appliance, as a felony, upon a jury verdict, and sentenced him to concurrent

indeterminate prison terms, the longest of which was 25 years to life on the murder conviction. Order reversed, on the law and the facts, motion granted, judgment vacated, and new trial ordered. On the evening of February 20, 1969, Angel Cintron drove his Firebird automobile from Manhattan to Queens. Seated in the front passenger seat was Luis Martinez; seated in the rear were appellant Augusto Rojas and Samuel Maldonado. "Tailing" the Firebird—at the request of appellant and Maldonado—was Maldonado's Grand Prix automobile, driven by Gustavo Cintron, and in which Miguel Jusimo was a passenger. The vehicles stopped at Hollis Court Boulevard in Queens. The prosecution adduced evidence at appellant's trial that he and Maldonado emerged from the Firebird and fired shots at Angel Cintron and Martinez, wounding them; Angel Cintron died as a result. Appellant and Maldonado entered the Grand Prix and were driven away by Gustavo Cintron; Jusimo was still a passenger. Under Indictment No. 554-69, filed on March 13, 1969, appellant and Maldonado were charged with the crimes of murder (of Angel Cintron), attempted murder (of Luis Martinez), and possession of a weapon and dangerous instrument and appliance, as a felony. Gustavo Cintron was separately indicted (No. 1296-69) and charged with murder, attempted murder and conspiracy to commit murder. At the time of appellant's trial (October, 1969), Jusimo had not been indicted. Prior to the Rojas-Maldonado trial, Maldonado's case was severed and appellant was tried alone. At that trial, four of the original six participants testified for the prosecution (Martinez, Maldonado, Gustavo Cintron and Jusimo). There were also ballistics and other police evidence. Maldonado and Gustavo Cintron each denied that he expected to get, or that he would get, any consideration for testifying as a witness for the prosecution. In his summation, the prosecutor stated, "Crooked mouth Maldonado came into this courtroom, which he didn't have to do, his indictment is open". Also at that trial, Jusimo testified that he had been granted immunity. The prosecutor, however, in the presence of the jury, promptly denied that Jusimo had been granted immunity. Jusimo also testified that the District Attorney told him that if he did not testify and co-operate, he would be charged as an accessory to murder. The prosecutor, in his summation, argued that Jusimo had "nothing to gain". On October 15, 1969 the jury found appellant guilty as charged. (We unanimously affirmed the judgment [People v Rojas, 38 AD2d 689] and leave to appeal to the Court of Appeals was denied on March 1, 1972.) On the day following rendition of the jury verdict (October 16, 1969), Maldonado was permitted to plead guilty to attempted manslaughter in the second degree, in satisfaction of the indictment against him; on October 23, 1969 Gustavo Cintron was allowed to enter the same plea. Thereafter, Maldonado (on April 15, 1970) was sentenced to an indeterminate prison term not to exceed seven years. At his sentence, his attorney stated that there had been an understanding that Maldonado "would be given some favorable consideration". On April 16, 1970 Gustavo Cintron received the same sentence as Maldonado. Miguel Jusimo, who, at the trial, testified that he had been granted immunity, which claim the prosecutor denied, was never indicted. At the hearing on appellant's motion to vacate the judgment of conviction, the prosecutor testified to the effect (and Maldonado's attorney confirmed) that appellant, prior to his trial, had refused to plead guilty to manslaughter in the first degree as part of an agreement whereby Maldonado and Gustavo Cintron would plead guilty to attempted manslaughter in the second degree. Therefore, the prosecutor testified, "all bets [were] off." In our opinion, however, appellant has clearly established from the above sequence of events, the Maldonado and Gustavo

Cintron plea and sentence minutes and the testimony adduced at the post-judgment hearing, that "all bets" were *not* off and that, in fact, at the trial, and unknown to the jury, there was a tacit understanding among the prosecutor and Maldonado, Gustavo Cintron and Jusimo that, for their trial testimony and their co-operation, Maldonado and Gustavo Cintron would be permitted (after the appellant's trial) to plead guilty to attempted manslaughter in the second degree (the penalty for which would not exceed seven years) and that Jusimo would not be indicted. We note, particularly, the testimony of Maldonado's attorney at the postjudgment hearing: "Q. In substance, isn't it a *fact that the Assistant District Attorney said to you that if Maldonado is called in the trial of Rojas, and if Maldonado testifies and testifies as to what took place during the shooting, that Maldonado would still have that plea available to him after the Rojas' trial was completed?* A. *Yes, that is so. He even went one step further. He informed me in the event that Rojas took the plea and the testimony of Maldonado was not required, that he would be still given the opportunity of taking the plea of Manslaughter 2. Q. Did you inform Maldonado of all these facts? A. Yes.*" (Emphasis supplied.) The jury at appellant's trial was not apprised of the understandings between the prosecutor and Maldonado, Gustavo Cintron and Jusimo. Under these circumstances, and no matter how evident his guilt may be, appellant is entitled to a new trial *(People v Savvides,* 1 NY2d 554; *United States ex rel. Washington v Vincent,* 525 F2d 262). Rabin, Acting P. J., Hopkins, Margett, Christ and Shapiro, JJ., concur.